IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
JOHNSTOWN DIVISION

| | |
|---|---|
| NORCAL INSURANCE COMPANY, F/K/A NORCAL MUTUAL INSURANCE COMPANY;<br><br>Plaintiff,<br><br>vs.<br><br>LAUREL PEDIATRIC ASSOCIATES, INC.,<br><br>Defendant. | Civil Action No.:<br>3:21-CV-00066-CBB<br><br>Christopher B. Brown<br>United States Magistrate Judge |

**MEMORANDUM AND ORDER**

**Christopher B. Brown, United States Magistrate Judge.**

**I.     Introduction**

This declaratory judgment action was initiated by Plaintiff Norcal Insurance Company ("NORCAL") against Defendant Laurel Pediatric Associates, Inc. ("Laurel") on April 12, 2021 seeking a judicial determination pursuant to 28 U.S.C. §§ 2201, 2202 that NORCAL does not owe a duty to defend or indemnify under an insurance policy issued to Laurel in connection with an underlying state court lawsuit filed against Laurel and others seeking damages from sexual misconduct perpetrated against minor patients by a former Laurel pediatrician, Johnnie W. Barto, M.D. ("Barto"). ECF No. 76 at ¶ 2.  This action was reassigned to the undersigned on April 1, 2025. ECF No. 69.

Presently before the Court are responses to this Court's show cause order to lift the seal. ECF Nos. 85, 87. For the reasons that follow, the seal is lifted, the documents outlined below shall be unsealed, and all future filings shall be made unsealed, unless otherwise ordered by Court.

## II.    Discussion

Because the Court writes primarily for the parties, only those facts necessary to resolve the present issue will be discussed. Laurel is a medical healthcare facility located in Johnstown, Pennsylvania which provides pediatric services. NORCAL issued a medical professional liability insurance policy to Laurel. NORCAL initiated this Declaratory Judgment Action to determine whether NORCAL has a duty to defend and/or indemnify Laurel in an underlying state court action. The underlying action involves a civil lawsuit brought in the Court of Common Pleas of Cambria County, Pennsylvania by over 100 minor plaintiffs against Laurel and others. The minor plaintiffs, who were patients of Laurel, claim to have been sexually abused by Barto who was a former Laurel pediatrician and the founder of the pediatric practice (the "underlying litigation").

Upon learning of new discovery in the underlying litigation, NORCAL moved to amend its complaint in this action to include additional grounds to deny Laurel insurance coverage. NORCAL claimed it did not know of the information previously and, as a result, could not have included the additional grounds in the original complaint.[1] ECF No. 50. Specifically, NORCAL pointed to the deposition testimony

---

[1]    This Court granted NORCAL's motion to amend its complaint and NORCAL filed its amended complaint on June 24, 2025. ECF Nos. 88, 90.

from Laurel's office manager to argue he made misrepresentations to them when he indicated he had no knowledge of the sexual abuse allegations against Barto on an insurance coverage application for Laurel. ECF No. 65 at 4-7. NORCAL also offered the deposition testimony of a Laurel physician to corroborate the office manager's knowledge of the sexual abuse allegations. *Id.* at 7. Upon NORCAL's motion to amend the complaint to include these claims, Laurel filed an uncontested motion to seal the case which the Court granted. ECF Nos. 53, 54, 55. In its original motion, Laurel argued the newly alleged claims that its agents and employees were aware of Barto's sexual abuse allegations would require litigation into the merits of those contentions, that such litigation would "clearly cause issues for Laurel in defending the underlying case[,]" and that the new contentions could cause "severe and irretrievable harm to its business reputation to the extent the public becomes aware that Laurel's own insurers are taking the position that Laurel" knew of Barto's sexual abuse allegations and failed to take proper measures to prevent the abuse from occurring. ECF No. 54 at ¶¶ 5-6. Laurel cited to no applicable legal authority to justify sealing the entire record. This case has remained sealed for the past two years. ECF No. 55.

Given the Court's ongoing obligation to consider whether circumstances have sufficiently changed to allow the public access to court records, the Court issued a show cause order to determine whether the case should remain under seal. ECF No. 78. The Court specifically ordered Laurel to address whether the new allegations in

NORCAL's then-proposed amended complaint "are public record" in the underlying litigation. *Id.*

In its Response to the Order to Show Cause, Laurel reiterates the arguments in its original motion to seal and argues the case should remain under seal "so as not to have Laurel's own insurer attempting to prove the merits of the underlying case against Laurel in the public eye[,]" and Laurel stands to suffer "substantial harm" if the "factual contentions were litigated in view of the underlying plaintiffs" and which "stand to sully Laurel's business reputation in the community at large." ECF No. 85 at 1-2.

NORCAL recognizes that the decision to seal the record is within the Court's discretion and notes that the information referenced in NORCAL's amended complaint in this action is already public or known to the underlying plaintiffs in the state court action and NORCAL is not seeking to litigate the issues in the underlying action before this Court. ECF No. 87 at 3-5.

It is well established that "[t]he public right of access to judicial proceedings and records is integral and essential to the integrity of the judiciary." *Mine Safety Appliances Co. v. North River Ins. Co.*, 73 F. Supp. 3d 544, 557 (W.D. Pa. 2014). The public right of access "applies to all aspects of the judicial process where substantive determinations are made." *Id.* at 558 (citations omitted). There is a "strong presumption" of openness of judicial records and routine closing of judicial records is not permitted. *Miller v. Indiana Hosp.*, 16 F.3d 549, 551 (3d Cir. 1994); *see also In re Avandia Marketing, Sales Practices and Products Liability Litigation*,

4

924 F.3d 662 (3d Cir. 2019). As recently stated by the United States Court of Appeals for the Third Circuit, the "robust" right of public access to judicial proceedings enables "litigants and the public to evaluate the work of the courts and impos[es] a heavy burden on those who seek to seal judicial records." *In re ESML Holdings Inc*, --- F.4th ---, ---, No. 23-2954, 2025 WL 1119944, at *1 (3d Cir. Apr. 16, 2025).

"The party seeking to seal any part of a judicial record bears the heavy burden of showing that 'the material is the kind of information that courts will protect,' and that 'disclosure will work a clearly defined and serious injury to the party seeking disclosure.'" *Miller*, 16 F.3d at 551 (quoting *Publicker Indus., Inc. v. Cohen*, 733 F.2d 1059, 1071 (3d Cir. 1984)). "A party who seeks to seal an *entire* record faces an even heavier burden." *Id.* (emphasis in original). While there are "certain delineated areas where openness is not the norm . . . these cases are the exception." *Id.* (citations omitted). Thus, before taking the "unusual step" of sealing the entire record, the court must articulate "the compelling countervailing interests to be protected, ma[k]e specific findings on the record concerning the effects of disclosure, and provide[] an opportunity for interested third parties to be heard." *Id*. Furthermore, "[e]ven if the initial sealing was justified," courts have an ongoing obligation to consider whether circumstances have sufficiently changed to allow the public access to court records. *Id*. at 551-52.

As a preliminary matter, Laurel has not indicated whether the newly added allegations are part of the public record in the underlying litigation, despite being

5

Ordered to do so. ECF No. 78.  Furthermore, Laurel has not argued that the newly added allegations in the amended complaint are subject to any confidentiality stipulation or order in the underlying litigation.

Instead, Laurel argues that unsealing the case would impact its ability to "defend itself in one case without risk of prejudicing itself in another." ECF No. 85 at 7.  The primary concern is its ability to defend itself in state court litigation should it be revealed that Laurel's agents knew of the sexual abuse allegations against Barto and its insurer is now seeking to deny coverage on that basis and any impact such information would have on the underlying case's claim for punitive damages.  The potential for risk of prejudice to its ability to defend itself does not justify sealing this case and Laurel cites no case to support this particular proposition.  Rather, it cites cases which upheld the sealing of a discrete set of documents which included confidential settlement information, information related to a business' intellectual property, and a business' sensitive financial information. ECF No. 85 at 6. The Court finds these cases inapposite to the matter at hand and do not support the continued sealing of this matter.

The Court further finds Laurel's argument that it wants to preclude the plaintiffs in the underlying litigation from learning that NORCAL is attempting to prove the merits of the underlying litigation against it is without merit.  This is because NORCAL learned about the newly discovered evidence – *i.e.*, Laurel's agents/employees knew of the sexual abuse allegations against Barto – *from* the underlying litigation.  Therefore, shielding the underlying litigation plaintiffs from

an additional cause of action in this case based on facts already known to them does not justify sealing this action.

Lastly, Laurel's argument that sealing is necessary to prevent damage to its business reputation is also without merit. Generally, harm to a business reputation alone is not enough to support sealing discrete documents in a case, let alone rebut the presumption of public access to the entire record of a case. *In re Avandia Mktg., Sales Practices and Products Liab. Litig.*, 924 F.3d at 676 ("we have repeatedly said that concern about a company's public image, embarrassment, or reputational injury, without more, is insufficient to rebut the presumption of public access."). Even if it were, the Court questions the significance of any harm to Laurel's business reputation resulting from this action which seeks to litigate rights under an insurance policy, compared with the serious allegations brought against Laurel by Barto's victims in the underlying litigation which is being actively and publicly litigated. As such, Laurel has failed to meet its heavy burden to show sealing this case is proper.

Accordingly, the following Order is entered:

AND NOW, this 7th day of July, 2025,

IT IS HEREBY ORDERED that the seal of this action is LIFTED. The Clerk's Office is directed to unseal the following docket entries: ECF Nos. 73, 76, 78, 79, 81, 82, 83, 84, 85, 86, 87, 88, 90.

IT IS FURTHER ORDERED that all future filings shall be made unsealed, unless otherwise ordered by Court.

BY THE COURT:


s/Christopher B. Brown
United States Magistrate Judge