IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
JOHNSTOWN DIVISION

| | |
|---|---|
| NORCAL INSURANCE COMPANY, F/K/A NORCAL MUTUAL INSURANCE COMPANY; <br><br> Plaintiff, <br><br> vs. <br><br> LAUREL PEDIATRIC ASSOCIATES, INC., <br><br> Defendant. | Civil Action No.: 3:21-CV-00066-CBB <br><br> Christopher B. Brown <br> United States Magistrate Judge |

**MEMORANDUM AND ORDER**
**ON ECF No. 93**

**Christopher B. Brown, United States Magistrate Judge.**

I.   Introduction

This declaratory judgment action was initiated by Plaintiff Norcal Insurance Company ("NORCAL") against Defendant Laurel Pediatric Associates, Inc. ("Laurel") on April 12, 2021 seeking a judicial determination pursuant to 28 U.S.C. §§ 2201, 2202 that NORCAL does not owe a duty to defend or indemnify under an insurance policy issued to Laurel in connection with an underlying state court lawsuit filed against Laurel and others seeking damages from sexual misconduct perpetrated against minor-patients by a former Laurel pediatrician, Johnnie W. Barto, M.D. ("Barto"). ECF No. 76 at ¶ 2.  Laurel levied counterclaims against NORCAL for declaratory relief that NORCAL owes it a duty to defend and

1

indemnify the underlying state court action (Count I), bad faith under 42 Pa. C.S.A. § 8371 (Count II) and a breach of fiduciary duty under Pennsylvania law (Count III). ECF No. 91 at ¶¶ 91-109.

Presently before the Court is NORCAL's partial motion to dismiss Laurel's counterclaims for bad faith and breach of fiduciary duty, or alternatively to bifurcate and stay these counterclaims. ECF No. 93.  The motion is fully briefed and ripe for consideration. ECF Nos. 95, 99, 100. For the reasons that follow, NORCAL's motion to bifurcate and stay is GRANTED and its partial motion to dismiss is dismissed without prejudice.[1]

## II.   Background

Because the Court writes primarily for the parties, only those facts necessary to resolve the present motion are discussed.  Laurel is a medical healthcare facility located in Johnstown, Pennsylvania which provides pediatric services.  NORCAL issued a medical professional liability insurance policy to Laurel for a policy period from January 1, 2016 to January 1, 2017.  NORCAL initiated this Declaratory Judgment Action to determine whether NORCAL has a duty to defend and/or

---

[1]   "[A] magistrate judge, without the consent of the parties, has the power to enter orders which do not dispose of the case." *In re U.S. Healthcare*, 159 F.3d 142, 145 (3d Cir. 1998).  Generally, a motion to bifurcate and stay are non-dispositive pretrial matters under 28 U.S.C. § 636(b) which a magistrate judge may decide by order. *See Evertz Microsystems Ltd. v. Lawo Inc.*, No. CV 19-302-MN-JLH, 2021 WL 706457, at *2 (D. Del. Feb. 23, 2021) (motion to bifurcate); *Celento v. Mon River Towing, Inc.*, No. CIV.A. 05-478, 2007 WL 120027, at *1 (W.D. Pa. Jan. 10, 2007) (motion to bifurcate); *Noble v. City of Erie*, No. CV 18-006, 2018 WL 4963614, at *2 (W.D. Pa. Oct. 15, 2018), *aff'd,* No. 1:18-CV-6, 2019 WL 13555898 (W.D. Pa. Jan. 29, 2019) (motion to stay non-dispositive); *In re Milo's Kitchen Dog Treats*, No. CIV.A. 12-1011, 2013 WL 6628636, at *4 (W.D. Pa. Dec. 17, 2013) (motion to stay). Appeals from Orders issued by a Magistrate Judge on non-dispositive motions are subject to the "clearly erroneous or contrary to law" standard of review.  28 U.S.C. § 636(b)(1)(A); LCvR 72.C.2 ("Any party may object to a Magistrate Judge's determination made under this rule within fourteen (14) days after the date of service of the Magistrate Judge's order[.]").

indemnify Laurel in an underlying state court action. The underlying action involves a civil lawsuit brought in the Court of Common Pleas of Cambria County, Pennsylvania by over 100 minor plaintiffs against Laurel and others who were patients of Laurel and claim to have been sexually abused by Barto who was a former Laurel pediatrician and the founder of Laurel's pediatric practice (the "state court action").[2]

NORCAL agreed to provide Laurel with a defense to the state court action subject to a reservation of rights to seek the present declaratory relief. ECF No. 95 at 1-2. NORCAL maintains it does not owe a duty to defend or indemnify Laurel in the state court action under the policies because the claims do not allege a "medical incident" as required by the policy terms and are otherwise barred by the sexual misconduct and criminal acts policy exclusions. *Id*.

Discovery in the state court action revealed additional facts theretofore unknown to NORCAL: Laurel employees knew about the sexual misconduct allegations against Barto but misrepresented these material facts by denying such knowledge in Laurel's insurance application. ECF No. 90 at ¶¶ 18-24; 60-67. NORCAL then moved to amend its complaint in this action to include these additional reasons for denying coverage and the Court granted NORCAL's request.

---

[2] The state court action is being heard in the Court of Common Pleas of Cambria County, Pennsylvania against Laurel and others at *Doe v. Laurel Pediatric Associates, Inc.*, 2019-2172 (C.P. Cambria Cnty. 2019). It is also noted that Barto pleaded no contest to criminal charges of aggravated indecent assault, indecent assault and endangering the welfare of a child, was sentenced to a term of incarceration and had his medical license suspended in January 2018. ECF No. 90 at ¶¶ 9-10.

ECF Nos. 50, 88.  Thereafter, Laurel filed an answer to the amended complaint and asserted counterclaims against NORCAL as outlined *supra*.  The crux of the counterclaims NORCAL seeks to dismiss are that NORCAL acted in bad faith and breached its fiduciary duty when it amended its complaint in this action to include allegations that Laurel's employees were aware of the sexual misconduct allegations against Barto and misrepresented their knowledge in its application for insurance.  ECF No. 91 at ¶¶ 98-109.  Laurel maintains NORCAL's allegations that its employees made misrepresentations on its insurance application are false, NORCAL knows the newly added allegations are false, and by adding such claims, NORCAL is improperly attempting to prove the merits of the state court action, *i.e.*, Laurel was aware of the sexual misconduct allegations against Barto. *Id*. at ¶¶ 99-101.  Laurel maintains a finding that Laurel was aware of these allegations in this case supports an award of punitive damages in the state court action, and because NORCAL maintains its policy does not cover punitive damages, NORCAL has "placed its own interests ahead of Laurel's, to Laurel's substantial detriment." *Id*. at 103-106.

NORCAL presently asks this Court to dismiss Laurel's bad faith and breach of fiduciary duty counterclaims or alternatively to bifurcate and stay these claims pending resolution of the declaratory judgment claims and counterclaims under Fed. R. Civ. P. 42(b). ECF No. 93.  As for bifurcation and stay, NORCAL argues Laurel's bad faith and fiduciary duty claims are significantly distinct and require distinct evidentiary proof, would promote judicial economy because a finding that

NORCAL owes no coverage would moot any bad faith or fiduciary duty claim, and have no bearing on whether NORCAL owes coverage. ECF No. 95 at 11-13. Laurel disagrees and argues the coverage claims and its counterclaims overlap because through its counterclaims, Laurel seeks to prove there was no material misrepresentation, NORCAL knew of these facts since the beginning of this action, and NORCAL's claims regarding Laurel's knowledge of the sexual misconduct is false. ECF No. 99 at 14-15. Laurel also argues a finding that NORCAL owes no coverage does not automatically moot Laurel's bad faith claim. *Id.* at 15.

### III. Discussion

Federal Rule of Civil Procedure 42(b) gives the court broad discretion to bifurcate discovery or a trial on claims in a case. *Idzojtic v. Pennsylvania R. Co.*, 456 F.2d 1228, 1230 (3d Cir. 1972). Rule 42 provides: "For convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues, claims, crossclaims, counterclaims, or third-party claims." Fed. R. Civ. P. 42(b). In exercising its discretion to bifurcate claims, a court "must weigh the various considerations of convenience, prejudice to the parties, expedition, and economy of resources." *Emerick v. U.S. Suzuki Motor Corp.*, 750 F.2d 19, 22 (3d Cir. 1984). The court should weigh the interests of both parties and attempt to maintain a fair balance in deciding whether bifurcation and stay is proper. *Fuentes v. USAA Gen. Idemnity Co.*, No. CV 3:19-1111, 2021 WL 8017101, at *1 (M.D. Pa. Mar. 30, 2021). While bifurcation is not the norm, it should "be encouraged where experience has demonstrated its worth[.]" *Lis v. Robert Packer*

*Hosp.*, 579 F.2d 819, 824 (3d Cir. 1978) (citations omitted).  Similarly, incidental to its inherent authority to manage its own docket, a court has wide latitude to stay proceedings and should generally consider factors similar to the bifurcation factors including: the interest of the non-moving party in proceeding expeditiously with the litigation, the burden of proceeding with the litigation on the moving party, the convenience to the court in managing its cases and efficient use of judicial resources, the interests of any non-parties, and the public interest when considering imposing a stay on proceedings. *See e.g.*, *Golden Quality Ice Cream Co. v. Deerfield Specialty Papers, Inc.*, 87 F.R.D. 53, 56 (E.D. Pa. 1980).  The court should consider these factors with an objective to avoid prejudice. *Volmar Distributors, Inc. v. New York Post Co.*, 152 F.R.D. 36, 39 (S.D.N.Y. 1993).  The moving party bears the burden of demonstrating bifurcation and stay are appropriate. *Acuity v. Cadillac Transportation, Inc.*, No. CV 21-1090, 2022 WL 2490481, at *4 (W.D. Pa. May 24, 2022).

    The specific facts and interests present in this case support a finding that bifurcating discovery and staying Laurel's bad faith and fiduciary duty counterclaims pending the resolution of declaratory judgment claims is appropriate. "In a declaratory judgment action brought to determine an insurer's duty to defend and indemnify, 'the allegations raised in the underlying complaint alone fix the insurer's duty to defend.'" *Fed. Ins. Co. v. Sandusky*, No. 4:11-CV-02375, 2013 WL 785269, at *4 (M.D. Pa. Mar. 1, 2013) (quoting *Erie Ins. Exch. v. Claypoole*, 449 Pa.

Super. 142 (1996)). *See also Westfield Ins. Co. v. Icon Legacy Custom Modular Homes*, 321 F.R.D. 107, 118 (M.D. Pa. 2017).

Staying and bifurcating discovery of the bad faith and fiduciary duty counterclaims is the most expedient and economical way of managing this case. This case has been pending in this Court for close to five years. The parties completed discovery two years ago in January 2024 on all claims except for the limited claims recently added to the amended complaint involving the alleged misrepresentations. ECF No. 97 at ¶ 3. NORCAL maintains it does not need any further discovery on these newly added allegations and Laurel maintains it requires limited discovery related to these new allegations and does not indicate it requires any new discovery on its own declaratory judgment claim. ECF No. 97 at ¶¶ 10-11. The Court is inclined to grant Laurel's request to grant a period of discovery limited to the newly added allegations in the amended complaint and will give a period of sixty days consistent with the below Order to do so and will schedule cross dispositive motions on the declaratory judgment claims.

If the Court were to instead allow Laurel's counterclaims to proceed now, the Court would be required to reopen all discovery, essentially starting this case anew, and would require additional court conferences, a possible return to an ADR session and additional dispositive motions practice at great time, effort and expense to the parties and to the Court. By staying the bad faith and fiduciary duty counterclaims, the Court can expedite and resolve the threshold question of whether Laurel is entitled to coverage in the first instance. Such an approach has several

advantages: "It disposes of the coverage determination first, it may justify termination of coverage previously issued pursuant to a reservation of rights, it eliminates the most straightforward claim for which the least discovery and witnesses (if any at all) are required, and it may also entirely moot the bad faith claim and any other attendant claims of which wrongful denial is an element." *Westfield Insurance Company*, 321 F.R.D. at 117 (collecting cases).

Laurel points out the discovery between the newly alleged misrepresentation allegations and its counterclaims denying said misrepresentations overlap and fairness dictates allowing the counterclaims to proceed. ECF No. 99 at 15. Assuming Laurel is correct, by granting Laurel a limited period of discovery to defend against the misrepresentation claims, it is free to use whatever relevant evidence it finds to support its bad faith and fiduciary duty counterclaims, (assuming such claims do not become moot) and Laurel would suffer little prejudice from a stay.  NORCAL on the other hand would suffer greater prejudice if it were compelled to defend against these newly added counterclaims after the bulk of discovery is closed and the parties are anticipating filing dispositive motions on the declaratory judgment claims.  It is also a strong consideration that if the Court determines NORCAL owes no coverage, it would be prejudiced by expending considerable time and resources to defend against claims that may be moot.[3]

---

[3] Laurel argues a finding that NORCAL does not owe coverage would not automatically moot out its bad faith and fiduciary duty counterclaims. ECF No. 99 at 15.  Assuming Laurel's position true, allowing its counterclaims to proceed now would result in prolonged litigation given this case's procedural posture and a potential to prejudice NORCAL more than Laurel.  Deciding the coverage issues first will streamline any issues to be decided if the case progresses, and the Court can decide the mootness issue, if necessary, following a decision on the coverage issue.

Moreover, even if the Court were to find in favor of Laurel for its own declaratory judgment claim, it would streamline discovery related to its bad faith and fiduciary duty counterclaims by identifying exactly the coverage owed.  Therefore, a bifurcation and stay of discovery of Laurel's bad faith and fiduciary duty counterclaims is warranted.

Accordingly, the following Order is entered:

AND NOW, this 23rd day of February, 2026,

IT IS HEREBY ORDERED that NORCAL's motion to bifurcate and stay is GRANTED and discovery of Laurel's bad faith and fiduciary duty counterclaims are STAYED pending the resolution of the parties' competing declaratory judgment claims;

IT IS FURTHER ORDERED that the parties shall conduct discovery for the newly added declaratory judgment claim allegations related to misrepresentation **only** and shall complete said discovery by **April 24, 2026**;

IT IS FURTHER ORDERED that cross dispositive motions on the parties competing declaratory judgment claims are due **June 1, 2026** and limited to twenty-five (25) pages.  Responses to motions due **July 1, 2026** and limited to twenty-five (25) pages. Replies due **July 15, 2026** and limited to five (5) pages;

IT IS FURTHER ORDERED that NORCAL's partial motion to dismiss Laurel's bad faith and fiduciary duty counterclaims is DISMISSED without prejudice to reassert at the proper procedural juncture.

BY THE COURT:


<u>s/Christopher B. Brown</u>
United States Magistrate Judge